UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS

RIVERS END OUTFITTERS, LLC., ET.
AL,

      Plaintiffs,

         v.                     CIVIL ACTION NO: 2:20-cv-2312

U.S. DEPARTMENT OF COMMERCE,
ET. AL,

      Federal Defendants.

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

      Federal Defendants (U.S. Department of Commerce; Wilbur L. Ross, Jr., in his official

capacity as Secretary of Commerce; National Oceanic and Atmospheric Administration

(NOAA); Neil Jacobs, in his official capacity as Acting Administrator of NOAA; National

Marine Fisheries Service (NMFS); Chris Oliver, in this official capacity as Assistant

Administrator for NMFS), by and through undersigned counsel, plead as follows in response to

Plaintiffs' Complaint for Permanent Injunctive and Declaratory Relief (ECF 1). Federal

Defendants deny every statement, matter, allegation, and thing in Plaintiffs' Complaint unless

hereinafter specifically admitted or modified. The allegations in the unnumbered paragraphs of

Plaintiffs' Complaint consist of Plaintiffs' description of the nature of their case and conclusions

of law to which no answer is necessary. To the extent that an answer is necessary, those

allegations are denied except to aver that NMFS's final rule implementing the Gulf For-hire

Reporting Amendment was published in the Federal Register on July 21, 2020 (85 Fed. Reg.

44,005) ("Final Rule") and that NMFS delayed the effective date of the Final Rule until January

5, 2021. NMFS further avers that sections 622.26(b)(5) and 622.374(b)(5)(ii) through (v), which are the sections of the Final Rule implementing the vessel monitoring system, are delayed indefinitely. In response to the like-numbered paragraphs of Plaintiffs' Complaint to the United States District Court for the Eastern District of Louisiana, Federal Defendants hereby respond, state, and aver as follows:

## JURISDICTION AND VENUE

1.     The allegations in Paragraph 1 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

2.     The allegations in Paragraph 2 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

3.     The allegations in Paragraph 3 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

4.     The allegations in Paragraph 4 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

5.     The allegations in Paragraph 5 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

6.    The allegations in Paragraph 6 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

7.    The allegations in Paragraph 7 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

**PARTIES**

8.    Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first and third sentences of Paragraph 8, and the allegations are therefore denied. The remaining allegations in Paragraph 12 are too vague and ambiguous to permit a response and, on that basis, are denied.

9.    Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first and second sentences of Paragraph 9, and the allegations are therefore denied. The remaining allegations contained in Paragraph 9 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

10.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 10, and the allegations are therefore denied.

11.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first and second sentences of Paragraph 11, and the allegations are therefore denied. The remaining allegations contained in Paragraph 11 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

3

12.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, fourth, and fifth sentences of Paragraph 12, and the allegations are therefore denied.  The allegations contained in the third sentence of Paragraph 12 are too vague and ambiguous to permit a response and, on that basis, are denied.

13.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first and second sentences of Paragraph 13, and the allegations are therefore denied. The allegations contained in the third, fourth, fifth, and eighth sentences of Paragraph 13 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations. The allegations contained in the sixth and seventh sentences of Paragraph 13 are too vague and ambiguous to permit a response and, on that basis, are denied.

14.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, and third sentences of Paragraph 14, and the allegations are therefore denied. The remaining allegations contained in Paragraph 14 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

15.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, fourth, and fifth sentences of Paragraph 15, and the allegations are therefore denied. The allegations contained in the third sentence of Paragraph 15 are too vague and ambiguous to permit a response and, on that basis, are denied.

16.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 16, and the allegations are therefore denied. Federal Defendants admit the allegation contained in the third sentence of Paragraph 16 that, as of the

date of this filing, no VMS vendors have been approved.  The remaining allegations in Paragraph 16 are legal conclusions or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

17.   The allegations contained in the third sentence of Paragraph 17 are too vague and ambiguous to permit a response and, on that basis, are denied. Federal Defendants lack sufficient knowledge to admit or deny the remaining allegations contained Paragraph 17, and the allegations are therefore denied.

18.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, and third sentences of Paragraph 18, and the allegations are therefore denied.  The remaining allegations contained in Paragraph 18 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

19.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first and second sentences of Paragraph 19, and the allegations are therefore denied. The remaining allegations contained in Paragraph 19 are too vague and ambiguous to permit a response and, on that basis, are denied.

20.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, and third sentences of Paragraph 20, and the allegations are therefore denied.  The remaining allegations contained in Paragraph are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

**DEFENDANTS**

21.   Federal Defendants admit that the United States Department of Commerce is an agency of the United States of America. The remaining allegations contained in Paragraph 21 are legal conclusions, to which no answer is necessary.

22.   Federal Defendants admit Wilbur L. Ross, Jr., is the Secretary of the United States Department of Commerce. The remaining allegations contained in Paragraph 22 are characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

23.   Federal Defendants admit that NOAA is an agency within the U.S. Department of Commerce.  The remaining allegations contained in Paragraph 23 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

24.   Federal Defendants admit that Dr. Neil Jacobs is the Assistant Secretary of Commerce for Environmental Observation and Prediction performing the duties of Under Secretary of Commerce for Oceans and Atmosphere. The remaining allegations contained in Paragraph 24 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

25.   Defendants admit that the NMFS is an agency within the U.S. Department of Commerce. The remaining allegations contained in Paragraph 25 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations

26.   Defendants admit that Chris Oliver is the Assistant Administrator NMFS. The remaining allegations contained in Paragraph 26 are characterizations of Plaintiffs' case, to

which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations

## CONSTITUTIONAL, STATUTORY, AND REGULATORY BACKGROUND

### The Fourth, Fifth and Ninth Amendments

27.   The allegations contained in the first sentence of Paragraph 27 purport to characterize the Fourth Amendment to the United States Constitution, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations contained in the second sentence of Paragraph 27 purport to characterize *U.S. v. Jones*, 132 S. Ct. 945, 949 (2012), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

28.   The allegations contained in Paragraph 28 purports to characterize the Fourth Amendment to the United States Constitution and purport to characterize *Katz v. U.S.*, 390 U.S. 347, 353 (1967), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

29.   The allegations contained in Paragraph 29 purport to characterize *Carpenter v. U.S.*, 138 S. Ct. 2206, 2209 (2018), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

30.   The allegations contained in Paragraph 30 purport to characterize the Fourth Amendment to the United States Constitution, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

31.   The allegations contained in Paragraph 31 purport to characterize the Fifth Amendment to the United States Constitution, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

32.   The allegations contained in Paragraph 32 purport to characterize the Ninth Amendment to the United States Constitution, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

**The Magnuson-Stevens Act and the Fishery Conservation and Management Framework**

33.   The allegations contained in Paragraph 33 purport to characterize 16 U.S.C. § 1801 *et seq.*, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

34.   The allegations contained in Paragraph 34 purport to characterize 16 U.S.C. §§ 1801(b)(1) and 1811(a) and purport to characterize 16 U.S.C. § 1802(11), all of which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

35.   The allegations contained in the first and second sentences of Paragraph 35 purport to characterize 16 U.S.C. §§ 1801(b)(4) and 1851(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.  The allegations contained in the third sentence of Paragraph 35 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

a.   The allegations contained in subsection (a) of Paragraph 35 purport to characterize 16 U.S.C. § 1851(a)(1), which speaks for itself and is the best evidence

of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

b.   The allegations contained in subsection (b) of Paragraph 35 purport to characterize 16 U.S.C. § 1851(a)(2), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

c.   The allegations contained in subsection (c) of Paragraph 35 purport to characterize 16 U.S.C. § 1851(a)(4), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

d.   The allegations contained in subsection (d) of Paragraph 35 purport to characterize 16 U.S.C. § 1851(a)(6), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

e.   The allegations contained in subsection (e) of Paragraph 35 purport to characterize 16 U.S.C. § 1851(a)(7), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

f.   The allegations contained in subsection (f) of Paragraph 35 purport to characterize 16 U.S.C. § 1851(a)(8), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

36.   The allegations contained in the first sentence of Paragraph 36 purport to characterize 16 U.S.C. § 1853, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

      a.   The allegations contained in subsection (a) of Paragraph 36 purport to characterize 16 U.S.C. § 1853(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

      b.   The allegations contained in subsection (b) of Paragraph 36 purport to characterize 16 U.S.C. § 1853(b), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

37.   The allegations contained in the first sentence of Paragraph 37 purport to characterize 16 U.S.C. § 1861(b)(1)(A)(vi), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations contained in the second sentence of Paragraph 37 purport to characterize 16 U.S.C. § 1861(b)(1)(A)(i), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The remaining allegations in Paragraph 37 are legal conclusions or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

38.   The allegations contained in the first, second, and third sentences of Paragraph 38 purport to characterize 16 U.S.C. § 1881a(a)(1), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations contained in the fourth sentence of Paragraph 38 purport to characterize 16

U.S.C. § 1881a(a)(2), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

39.   The allegations contained in the first sentence of Paragraph 39 purport to characterize 16 U.S.C. § 1852(a)(1), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations contained in the second and third sentence of Paragraph 39 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

   a.   The allegations contained in subsection (a) of Paragraph 39 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

   b.   The allegations contained in subsection (b) of Paragraph 39 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

40.   The allegations contained in the first sentence of Paragraph 40 purport to characterize 16 U.S.C. § 1801(b)(5), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations contained in the second sentence of Paragraph 40 purport to characterize 16 U.S.C. §§ 1853(b) and 1855(d), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

41.   The allegations contained in Paragraph 41 purport to characterize 16 U.S.C. § 1801(b)(5), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

42.   The allegations contained in Paragraph 42 purport to characterize 16 U.S.C. § 1853, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

43.   The allegations contained in the first, second, and third sentences of Paragraph 43 purport to characterize 16 U.S.C. § 1881a(a)(1), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations contained in the fourth sentence of Paragraph 43 purport to characterize 16 U.S.C. § 1881a(a)(2), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

## The Regulatory Flexibility Act

44.   The allegations contained Paragraph 44 purport to characterize the Regulatory Flexibility Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

45.   The allegations contained in the first sentence of Paragraph 45 purport to characterize 5 U.S.C. §§ 603(a) and 604, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations contained in the second sentence of Paragraph 45 purport to characterize 5 U.S.C. § 604(b), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

46.   The allegations contained in Paragraph 46 purport to characterize 5 U.S.C. § 611(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

47.   The allegations contained in Paragraph 47 purport to characterize 50 C.F.R. § 200.2 and 5 U.S.C. § 601(3), which speaks for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

48.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 48, and the allegations are therefore denied.

## The Gulf For-hire Reporting Amendment and Final Rule

49.   The allegations contained in Paragraph 49 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied

50.   Federal Defendants admit the allegations contained in Paragraph 50.

51.   The allegations contained in Paragraph 51 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

52.   The allegations contained in Paragraph 52 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

53.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 53, and the allegations are therefore denied.  The remaining allegations contained in Paragraph 53 are too vague and ambiguous to permit a response and, on that basis, are denied.

54.   The allegations contained in Paragraph 54 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

13

55.   Federal Defendants admit the allegation in Paragraph 55 that, as of the date of this filing, no VMS hardware and software have been approved, but deny the remaining allegations in Paragraph 55.

56.   The allegations contained in the first sentence of Paragraph 56 are characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.  The allegations contained in the second sentence of Paragraph 56 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

57.   The allegations contained in Paragraph 57 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

58.   The allegations contained in the first sentence of Paragraph 58 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The remaining allegations contained in Paragraph 58 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

59.   The allegations contained in Paragraph 59 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

60.   The allegations contained in Paragraph 60 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

61.   The allegations contained in Paragraph 61 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary.  To the extent that an answer is necessary, Federal Defendants deny the allegations.

### The Regulatory Landscape of Federally Permitted For-hire Vessels in the Gulf of Mexico

62.   The allegations contained Paragraph 62 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

63.   The allegations contained Paragraph 63 purport to characterize the information at https://www.fisheries.noaa.gov/fishing-regulations-and-seasonal-closures-gulf-mexico, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

64.   The allegations contained in Paragraph 64 are too vague and ambiguous to permit a response and, on that basis, are denied.

65.   The allegations contained in Paragraph 65 are too vague and ambiguous to permit a response and, on that basis, are denied.

66.   The allegation in Paragraph 66 that "private recreational fishing in the Gulf of Mexico collectively takes far more fish than charter boats" is too vague and ambiguous to permit a response and, on that basis, is denied.  The remaining allegations contained in Paragraph 66 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

67.   The allegations contained Paragraph 67 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

68.   The allegations contained Paragraph 68 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

69.   The allegations contained in the first sentence of Paragraph 69 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the second sentence of Paragraph 69.

70.   The allegations contained Paragraph 70 are too vague and ambiguous to permit a response and, on that basis, are denied.

71.   Federal Defendants deny the allegations contained in Paragraph 71.

72.   The allegations contained Paragraph 72 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

## CLAIMS FOR RELIEF

### COUNT ONE

73.   Federal Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 72 above.

74.   The allegations contained in Paragraph 74 purport to characterize the United States Constitution, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

75. The allegations contained in Paragraph 75 purport to characterize 5 U.S.C. §§ 706(2)(A), 706(2)(B), 706(2)(C), 706(2)(D), and 16 U.S.C. § 1855(f)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

76. Federal Defendants admit the allegations contained in Paragraph 76.

77. The allegations contained in Paragraph 77 are legal conclusions to which no answer is necessary and purport to characterize 5 U.S.C. § 704 and 16 U.S.C. § 1855(f)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

78. Federal Defendants deny the allegations contained in Paragraph 78.

79. Federal Defendants deny the allegations contained in Paragraph 79.

80. Federal Defendants deny the allegations contained in Paragraph 80.

81. Federal Defendants deny the allegations contained in Paragraph 81.

82. Federal Defendants deny the allegations contained in Paragraph 82.

83. Federal Defendants deny the allegations contained in Paragraph 83.

84. Federal Defendants deny the allegations contained in Paragraph 84.

85. Federal Defendants deny the allegations contained in Paragraph 85.

86. Federal Defendants deny the allegations contained in Paragraph 86.

**COUNT TWO**

87. Federal Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 86 above.

88.   The allegations contained in Paragraph 88 are conclusions of law to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

89.   The allegations contained in the first sentence of Paragraph 89 purport to characterize 16 U.S.C. § 1861(b)(1)(A)(vi), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations contained in Paragraph 89 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

90.   Federal Defendants deny the allegations contained in Paragraph 90.

## COUNT THREE

91.   Federal Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 90 above.

92.   Federal Defendants deny the allegations contained in Paragraph 92.

93.   Federal Defendants deny the allegations contained in Paragraph 93.

94.   Federal Defendants deny the allegations contained in Paragraph 94.

95.   The allegations contained in Paragraph 95 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

96.   The allegations contained in Paragraph 96 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

97.  The allegations contained in Paragraph 97 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

98.  The allegations contained in Paragraph 98 are too vague and ambiguous to permit a response and, on that basis, are denied.

99.  Federal Defendants deny the allegations contained in Paragraph 99.

## COUNT FOUR

100. Federal Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 99 above.

101. The allegations contained Paragraph 101 purport to characterize 5 U.S.C. § 706(2)(D) and 16 U.S.C. § 1855(f)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

102. Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, and fourth sentences of Paragraph 102, and the allegations are therefore denied.  The allegations contained in the third sentence of Paragraph 102 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

103. Federal Defendants deny the allegations contained in Paragraph 103.

104. Federal Defendants deny the allegations contained in Paragraph 104

105. Federal Defendants deny the allegations contained in Paragraph 105.

## COUNT FIVE

106. Federal Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 105 above.

107. The allegations contained in Paragraph 107 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

108. The allegations contained in Paragraph 108 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

109. The allegations contained in Paragraph 109 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

110. The allegations contained Paragraph 110 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

111. The allegations contained in the first sentence of Paragraph 111 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations. The allegations contained in the second and third sentences of Paragraph 111 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. Federal Defendants admit the allegation contained in the fourth sentence of Paragraph 111 that Federal Defendants have records of charter vessels and headboats issued federal permits for Gulf reef fish or Gulf CMP species. The remaining allegations contained in the fourth sentence of Paragraph 111 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

112. The allegations contained in Paragraph 112 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

113. The allegations contained in Paragraph 113 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

114. The allegations contained in Paragraph 114 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer for Relief, to which no answer is necessary. To the extent an answer is necessary, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny each and every allegation in Plaintiffs' Complaint that has not otherwise been expressly admitted, qualified, or denied.

## DEFENSES

Without limiting or waiving any defenses available to it, Federal Defendants hereby assert:

A. To the extent that Plaintiffs have failed to state a claim on which relief can be granted, any such claim should be dismissed.

B. To the extent that the Court lacks subject matter jurisdiction over some or all of the claims in Plaintiffs' Complaint, any such claim should be dismissed.

C. To the extent that Plaintiffs lack standing to raise some or all of their claims, any such claim should be dismissed.

21

D.  Federal Defendants reserve the right to assert any other claims or defenses as may be available, or may become available during the course of these proceedings.

Dated: November 4, 2020

Respectfully submitted,
JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Nicole M. Smith*
NICOLE M. SMITH
Trial Attorney (CA Bar No. 303629)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0368
Nicole.M.Smith@usdoj.gov

SHAMPA A. PANDA
Trial Attorney (CA Bar No. 316218)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
shampa.panda@usdoj.gov

ELIZABETH CHICKERING
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Tel: (504) 680-3180
Elizabeth.Chickering@usdoj.gov

*Of Counsel:*

MARA LEVY
Attorney-Advisor
Office of the General Counsel
National Oceanic and Atmospheric
Administration
U.S. Department of Commerce
263 13th Avenue South

St. Petersburg, FL 33701
Telephone: (727) 824-5302
mara.levy@noaa.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that today I electronically filed the foregoing with the Clerk of the Court

via the CM/ECF system, which will send notification to the attorneys of record in this case.

*/s/ Nicole M. Smith*
NICOLE M. SMITH
Trial Attorney (CA Bar No. 303629)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0368
Nicole.M.Smith@usdoj.gov

*Attorney for Federal Defendants*