**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| RIVERS END OUTFITTERS, LLC., ET. AL,<br><br>     Plaintiffs,<br><br>       v.<br><br>U.S. DEPARTMENT OF COMMERCE, ET. AL,<br><br>     Federal Defendants. | No. 2:20-cv-2312 |

**Federal Defendants' Opposition to Plaintiffs' Motion for Class Certification**

## Table of Contents

**PAGE**

**INTRODUCTION**.................................................................................................. 1

**BACKGROUND** ................................................................................................... 1

**STANDARD OF REVIEW** .................................................................................. 3

**ARGUMENT**........................................................................................................ 4

   **I.**   **A CLASS ACTION IS INAPPROPRIATE BECAUSE THE REQUESTED**

       **REMEDY CAN BE ACHIEVED WITHOUT A CLASS** ............................... 4

     **a.**   **A Class Action is not necessary** .................................................... 4

     **b.**   **The burdens of class certification outweigh the benefits** ............................................. 7

  **II.**  **THE CLASS REPRESENTATIVES ARE NOT ADEQUATE**

       **REPRESENTATIVES BECAUSE THERE IS SIGNIFICANT DISAGREEMENT**

       **IN THE CLASS** ........................................................................................... 9

**CONCLUSION** ................................................................................................... 15

## Table of Authorities

**CASE**                                                                                          **PAGE**

*Access Now Inc. v. Walt Disney World Co.*,
  211 F.R.D. 452 (M.D. Fla. 2001) .................................................................. 6, 9

*All. to End Repression v. Rochford*,
  565 F.2d 975 (7th Cir. 1977) ............................................................................ 7

*Arnett v. Combs*,
  508 F.3d 1134 (5th Cir. 2007) ......................................................................... 7

*Arnett v. Strayhorn*,
  515 F.Supp.2d 690 (W.D. Tex. 2006) ............................................................. 7

*Casale v. Kelly*,
  257 F.R.D. 396 (S.D.N.Y. 2009) ..................................................................... 6

*Chavez v. Plan Benefit Servs., Inc.*,
  957 F.3d 542 (5th Cir. 2020) ....................................................................... 3, 4

*Coleman v. Pension Benefit Guar. Corp.*,
  196 F.R.D. 193 (D.D.C. 2000) ........................................................................ 8

*Davis v. Smith*,
  607 F.2d 535 (2d Cir. 1978) ............................................................................ 6

*Dionne v. Bouley*,
  757 F.2d 1344 (1st Cir. 1985) ...................................................................... 6, 8

*Feder v. Elec. Data Sys. Corp.*,
  429 F.3d 125 (5th Cir. 2005) ........................................................................... 3

*Flecha v. Medicredit, Inc.*,
  946 F.3d 762 (5th Cir. 2020) ........................................................................... 4

*Gilpin v. American Federation of State, County, and Municipal Employees, AFL–CIO*,
  875 F.2d 1310 (7th Cir. 1989) .................................................................. 11, 12

*Healey v. Murphy*,
   Civil Action Nos. 01-11099-NG, 04-30177-NG, 2009 WL 6613209 (D. Mass. Jan. 14, 2009) 6

*Horton v. Goose Creek Indep. Sch. Dist.*,
   690 F.2d 470 .................................................................................................. 10, 15

*In re S. Cent. States Bakery Prods. Antitrust Litig.*,
   86 F.R.D. 407 (M.D. La. 1980) ................................................................................ 14

*Johnson v. City of Opelousas*,
   658 F.2d 1065 ............................................................................................................ 5

*Kan. Health Care Ass'n v. Kan. Dep't of Soc. & Rehab. Servs.*,
   31 F.3d 1536 (10th Cir. 1994) ................................................................................. 6

*Littlewolf v. Hodel*,
   681 F.Supp. 929 (D.D.C. 1988) ............................................................................. 14

*Mullen v. Treasure Chest Casino, LLC*,
   186 F.3d 620 (5th Cir. 1999) .................................................................................. 10

*Neb. Messenger Servs. Ass'n v. Thone*,
   478 F. Supp. 1036 (D. Neb. 1979) .......................................................................... 12

*Peterson v. Okla. City Hous. Auth.*,
   545 F.2d 1270 (10th Cir. 1976) ............................................................................... 12

*Ruiz v. Robinson*,
   2012 WL 3278644 (S.D. Fla. Aug. 9, 2012) ............................................................ 9

*Sargent v. Block*,
   576 F.Supp. 882 (D.D.C. 1983) ............................................................................... 6

*Serna v. Transport. Workers Union of America, AFL-CIO*,
   No. 3:13-CV-2469-N, 2014 WL 7721824 (N.D. Tex. Dec. 3, 2014) ....................... 14

*Sokol v. New United Mfg., Inc.*,
   No. C 97-4211 SI., 1999 WL 1136683 (N.D. Cal. Sept. 20, 1999) ........................... 7

*Swain v. Brinegar*,
    517 F.2d 766 (7th Cir. 1975) ............................................................................. 11

*Troup v. McCart*,
    238 F.2d 289 (5th Cir. 1956) ............................................................................. 10

*Unger v. Amedisys, Inc.*,
    401 F.3d 316 (5th Cir. 2005) ...................................................................... 10, 14

*United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach, Florida*,
    493 F.2d 799 (5th Cir. 1974) ............................................................................... 5

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ............................................................................................. 4

*Wells v. Schweiker*,
    536 F. Supp. 1314 (E.D. La. 1982) ..................................................................... 5

**STATUTES**

16 U.S.C. § 1801 ..................................................................................................... 1
16 U.S.C. § 1801(a)(6) ........................................................................................... 1
16 U.S.C. § 1801(b)(1) ........................................................................................... 2
16 U.S.C. § 1811(a) ................................................................................................ 1
16 U.S.C. § 1802(11) .............................................................................................. 2
Pub. L. 94-265 ........................................................................................................ 2
Pub. L. 104-297 ...................................................................................................... 2
Pub. L. 109-479 ...................................................................................................... 2

**FEDFERAL REGULATIONS**

Fed. R. Civ. P. 23(a)(3) ........................................................................................ 10
Fed. R. Civ. P. 23(a)(4) ........................................................................................ 10
Fed. R. Civ. P. 23(b) .............................................................................................. 3
Fed.R.Civ.P. 23(a) .................................................................................................. 3
85 Fed. Reg. 44005 (July 21, 2020) ...................................................................... 1

## INTRODUCTION

There are at least two reasons why the Court should deny Plaintiffs' motion to certify a class of all federally permitted charter boats in the Gulf of Mexico that would be subject to a Vessel Monitoring System as set forth in the Gulf For-Hire Reporting Rule ("Final Rule").  *See* Fisheries of the Caribbean, Gulf of Mexico, and South Atlantic; Electronic Reporting for Federally Permitted Charter Vessels and Headboats in Gulf of Mexico Fisheries, 85 Fed. Reg. 44005 (July 21, 2020) ("Final Rule").  First, a class action is inappropriate and unnecessary in this case where the desired remedy is the rescission of the Final Rule.  The declaratory and injunctive relief that Plaintiffs seek—that the Final Rule be struck down—would necessarily affect all regulated entities.  Certifying this class action adds nothing but cost, time, and significant burden to this Court.  Second, there is significant disagreement within the purported class—of owners and operators of charter vessels and headboats with Federal charter vessel/headboat permits for Gulf Reef Fish or Gulf Coastal Migratory Pelagic (CMP) species. A survey of the public comments submitted on the proposed rule as well as public testimony during Gulf of Mexico Fishery Management Council meeting in which the Council considered the reporting requirements at issue reveals there are many regulated entities within the proposed class who favor the Final Rule.

## BACKGROUND

The Magnuson-Stevens Fishery Conservation and Management Act (MSA), 16 U.S.C. §§ 1801 *et seq.*, establishes a national program for conservation and management of fishery resources with federal jurisdiction over such resources within the exclusive economic zone (EEZ).  *Id.* §§ 1801(a)(6), 1811(a).  For purposes of the MSA, the EEZ extends from the seaward

boundary of each coastal State out to 200 nautical miles.  *Id.* § 1802(11).  The Act was first

enacted as the Fishery Conservation and Management Act, Pub. L. 94-265 (Apr. 13, 1976); was

renamed as the MSA by Pub. L. 104-208 (Sept. 30, 1996); underwent significant revisions

through the Sustainable Fisheries Act, Pub. L. 104-297 (Oct. 11, 1996); and was amended most

recently by the Magnuson-Stevens Fishery Conservation and Management Reauthorization Act,

Pub. L. 109-479 (Jan. 12, 2007).   Key purposes of the MSA are to "take immediate action to

conserve and manage the fishery resources found off the coasts of the United States. . ." and

"promote domestic commercial and recreational fishing under sound conservation and

management principles. . . ." *Id.* §§ 1801(b)(1), (3).  The National Marine Fisheries Service

(NMFS), acting under authority delegated from the Secretary of Commerce, is responsible for

managing fisheries pursuant to the MSA.

Plaintiffs are certain captains of federally permitted charter boats and the companies that

own charter boats that take customers into the Gulf of Mexico to fish.  Plaintiffs brought suit

against the Department of Commerce by and through the National Oceanic and Atmospheric

Administration ("NOAA") and NMFS (collectively, "Federal Defendants") to prohibit

enforcement of the final rule implementing the Gulf For-hire Reporting Amendment.  The rule

requires that, in part, each vessel be equipped with a Vessel Monitoring System with Global

Position System (GPS) capabilities that, at a minimum, archives vessel position data during a trip

for subsequent transmission to NMFS.  Plaintiffs levy a variety of constitutional claims against

the Final Rule, as well as violations under the MSA, the Regulatory Flexibility Act, and the

Administrative Procedure Act.  Plaintiffs filed a motion to certify class on November 19, 2020,

with the proposed class consisting of all individuals and companies who hold "at least one valid

Federal charter permit for Gulf Reef fish or Gulf [Coastal Migratory Pelagic] species."  ECF No. 25, Attachment #1 at 5.

## **STANDARD OF REVIEW**

To bring a class action under Rule 23, a plaintiff must show: (1) that "the class is so numerous that joinder of all members is impracticable," (2) that "there are questions of law or fact common to the class," (3) that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and (4) that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In addition to satisfying the criteria of Rule 23(a), a plaintiff seeking class certification must also show that the class is maintainable under Rule 23(b).

Even where these four requirements are satisfied, certification is only permitted if there is an additional showing that the class action fits into at least one of three specified categories set forth in Rule 23(b).  *See Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129 (5th Cir. 2005). These categories are: (1) cases in which prosecuting separate actions by or against individual class members would create a risk of inconsistent adjudication; (2) cases in which the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive or declaratory relief is appropriate with respect to the class as a whole; or (3) cases in which there are questions of law or fact common to class members that predominate over questions affecting only individual members and the class action is superior to other methods for fairly and efficiently adjudicating the controversy.  Fed. R. Civ. P. 23(b).

The Fifth Circuit recently reiterated the "rigorous analysis" required to certify a class in *Chavez v. Plan Benefit Servs., Inc.*, 957 F.3d 542, 545 (5th Cir. 2020), where the court emphasized that Rule 23 is not a pleading standard and explained that courts will often have to

look beyond the pleadings to "understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination" as to whether certification is appropriate in a given case. *Id.* at 546 (quoting *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 766 (5th Cir. 2020)). The Court also instructed district courts to rigorously consider both Rule 23(a)'s four prerequisites and the Rule 23(b) class type before certifying a class. *Id.* at 546. Plaintiffs have the burden of showing that Rule 23's requirements are met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–51 (2011).

## ARGUMENT

### I.     A CLASS ACTION IS INAPPROPRIATE BECAUSE THE REQUESTED REMEDY CAN BE ACHIEVED WITHOUT A CLASS

A class action is inappropriate here because if the Court were to grant Plaintiffs the permanent injunction and declaratory relief they seek by vacating the Final Rule, that relief would *automatically* benefit all regulated entities. It is undisputed that Plaintiffs' constitutional and statutory challenges in this case does not turn on any fact particular to the proposed class. That is, Plaintiffs do not argue that the Final Rule is improper as applied to the class members but might be proper as applied to others. Indeed, the gravamen of Plaintiffs' claims is that the Final Rule is illegal in all circumstances. Accordingly, certification of a class action is unnecessary. In the alternative, this Court should utilize its significant discretion to deny the motion to certify a class because the benefits associated with class certification are outweighed by the burdens of the class machinery.

#### a.   A Class Action is not necessary

Plaintiffs contend that all requirements for an injunctive class under Rule 23(b)(2) have been met. ECF No. 25, Attachment #1 at 21. That may be. But this Court should decline to certify a class under Rule 23(b)(2) because the putative class members stand to benefit from the

requested relief even without a certified class.  A class is simply not necessary in this case.  *See* 7A Charles Alan Wright et al., Federal Practice and Procedure § 1785.2 (3d ed.) (Explaining that it is commonplace for "the vast majority of courts" evaluating Rule 23(b)(2) class certification to consider the necessity for class relief.).

This Circuit has applied a version of the necessity test, holding that where an individual case could secure class-wide injunctive relief class certification is unnecessary.  In *United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach, Florida*, 493 F.2d 799 (5th Cir. 1974), plaintiff groups United Farmworkers of Florida Housing Project, Inc. and individual farmer workers brought suit alleging violations of the Fourteenth Amendment as well as federal civil rights statutes. The Fifth Circuit upheld the district court's denial of class certification, reasoning that the requested injunctive and declaratory relief would automatically benefit not only the plaintiffs but all other persons subject to the alleged discriminatory practice.[1] *Id.* at 812.

A survey of the caselaw makes clear that a court can—and, Federal Defendants contend, should—deny class certification where, as here, Plaintiffs raise a facial challenge to a rule.  This is so even where Plaintiffs have otherwise satisfied the requirements of Rule 23, as there is no need to certify a proposed class because an injunction issued by this Court predicated on the facial invalidation of the Final Rule affords complete protection to all entities potentially affected by the program.  *See Wells v. Schweiker*, 536 F. Supp. 1314 (E.D. La. 1982) (Declining to certify the class, reasoning that the Fifth Circuit had previously held that class actions need not be

---

[1] In the later-decided *Johnson v. City of Opelousas*, 658 F.2d 1065, 1070 n. 5 (5th Cir. 1981) the Fifth Circuit commented in a footnote that "[t]his [c]ourt has not confronted the question directly" of whether a need requirement exists.  But in that same footnote, the *City of Opelousas* court acknowledged the clear majority view by citing to decisions from a number of jurisdictions that adopted a "need" rationale.

certified when the declaratory and injunctive relief will automatically benefit the other class members); *Kan. Health Care Ass'n v. Kan. Dep't of Soc. & Rehab. Servs.*, 31 F.3d 1536, 1548 (10th Cir. 1994) (affirming district court's decision to deny class certification because "class certification is unnecessary if all the class members will benefit from an injunction issued on behalf of the named plaintiffs" (citation omitted)); *Davis v. Smith*, 607 F.2d 535, 540 (2d Cir. 1978) ("Where retroactive monetary relief is not at issue and the prospective benefits of declaratory and injunctive relief will benefit all members of a proposed class to such an extent that the certification of a class would not further the implementation of the judgment, a district court may decline certification."); *Sargent v. Block*, 576 F.Supp. 882, 888 (D.D.C. 1983) ("[T]he [c]ourt finds that class certification is unnecessary in this action since the defendants are government officials and the declaratory and injunctive relief sought by the named plaintiffs would benefit all proposed class members."); *Dionne v. Bouley*, 757 F.2d 1344, 1356 (1st Cir. 1985) ("We agree with those circuits which deny Rule 23(b)(2) certification where it is a formality or otherwise inappropriate.... [W]hen the same relief can be obtained without certifying a class, a court may be justified in concluding that class relief is not appropriate.") (citation and internal quotation marks omitted); *Casale v. Kelly*, 257 F.R.D. 396, 406 (S.D.N.Y. 2009) ("certification of a Rule 23(b)(2) class is unnecessary when prospective relief will benefit all members of a proposed class to such an extent that the certification of a class would not further the implementation of the judgment") (citation and internal quotation marks omitted); *Healey v. Murphy*, Civil Action Nos. 01-11099-NG, 04-30177-NG, 2009 WL 6613209, at *8 (D. Mass. Jan. 14, 2009) (rejecting Rule 23 motion where "[i]f those claims are successful, any injunctive or declaratory relief will inure to the benefit of all individuals who are currently confined at the facility. Thus, class certification is not necessary. . ."); *Access Now Inc. v. Walt Disney World*

*Co.*, 211 F.R.D. 452, 455 (M.D. Fla. 2001) ("Finally, the [c]ourt finds that class certification in this action is unnecessary. The [p]laintiffs are only seeking injunctive relief which, if granted, would necessarily benefit all other potential class members."); *Sokol v. New United Mfg., Inc.*, No. C 97-4211 SI., 1999 WL 1136683, *6 (N.D. Cal. Sept. 20, 1999) ("the [c]ourt declines to certify a class based only on these two policies [that are uniformly applied] because the class vehicle is not necessary to obtain the relief sought").

That Plaintiffs bring Constitutional claims in addition to their statutory claims does not alter this analysis. *See All. to End Repression v. Rochford*, 565 F.2d 975, 980 (7th Cir. 1977) (Finding class certification unnecessary, reasoning that "it can be assumed that if the court declares the statute or regulation unconstitutional then the responsible government officials will discontinue the [regulation's] enforcement."); *Arnett v. Strayhorn*, 515 F.Supp.2d 690, 698 (W.D. Tex. 2006) ("No useful purpose would be served by requiring this case to proceed as a class because all individuals who are not a part of this action, but who are aggrieved by the [challenged statute] in the same manner as [p]laintiff, will have the benefit of this [c]ourt's ruling concerning the statute's constitutionality."), *aff'd sub nom. Arnett v. Combs*, 508 F.3d 1134 (5th Cir. 2007).

Ultimately, class certification is unnecessary in this case because every individual in the proposed class can obtain injunctive or declaratory relief which would benefit the other class members.  If granted, the declaratory and injunctive relief that Plaintiffs seek necessarily means that the Court will remand the Final Rule for further action consistent with its opinion and that relief will benefit all proposed class representatives.

### b.  The burdens of class certification outweigh the benefits

Even if the Court were to disagree that the need requirement factors into the Rule 23(b)(2) analysis, it should still exercise the broad discretion afforded to district courts in deciding whether to permit a case to proceed as a class action to deny class certification based on other relevant considerations.  Class certification should be denied here because it is inappropriate to encumber this litigation with the expense, delay, complexity and burden of class certification when there is no corresponding benefit to implementation of a potentially favorable judgment.

Plaintiffs do not argue that adjudication of this case would be impaired in any way in the absence of class certification.   There is no question that the relief ordered by this Court will apply uniformly to all members of the proposed class—that is, the entities regulated by the Final Rule.  *Compare with Coleman v. Pension Benefit Guar. Corp.*, 196 F.R.D. 193, 199–200 (D.D.C. 2000) (Class appropriate "to provide putative class members with the desired relief because questions as to individual eligibility to receive Layoff Pension Benefits could arise after a (possible) judgment declaring the plan amendment invalid").  If this Court grants Plaintiffs the declaratory and injunctive relief they seek, the Final Rule will be remanded for further proceedings consistent with the Court's opinion and that relief necessarily will apply to all proposed class members.  There is also no danger of Plaintiffs' claims being rendered moot. *Compare with Dionne,* 757 F.2d at 1356 (noting that there may be situations where certification of a 23(b)(2) class may arguably be unnecessary but where other considerations such as mootness make denial of certification inappropriate).  The relief sought by the Named Plaintiffs by virtue of their facial challenge affords sufficient protection to the proposed class members and to others affected by the Final Rule, thereby making class certification in this particular context wholly unnecessary.  Because Plaintiffs challenge the Final Rule on its face, nothing would be

achieved by certifying the proposed class other than to needlessly burden this litigation.  *See, e.g., Access Now Inc. v. Walt Disney World Co.*, 211 F.R.D. 452, 455 (M.D. Fla. 2001) ("The complexity and expense of a class action is not necessary in this case as the Plaintiffs may achieve by injunction all relief which would inure to similarly situated persons without the necessity of class certification."); *Ruiz v. Robinson*, 2012 WL 3278644, *2 (S.D. Fla. Aug. 9, 2012) (finding that "the expense, due process considerations, and burden of maintaining a class action outweigh granting class certification" where the requested injunctive and declaratory relief "would equally benefit all members of the putative class")

Weighing the benefits—if any—of class certification under Rule 23(b)(2) against the inherent burdens associated with transforming this case into a class action including expense, due process considerations, and the heavy burden of maintaining a class action, the burdens outweigh the benefits and that class certification is properly denied as inappropriate.

## II.   THE CLASS REPRESENTATIVES ARE NOT ADEQUATE REPRESENTATIVES BECAUSE THERE IS SIGNIFICANT DISAGREEMENT IN THE CLASS

Another ground on which the Court should deny Plaintiffs' motion is that the proposed class representatives are not adequate representatives under Rule 23(a)(4) because their interests are not aligned with other individuals in the class. That is, the class representatives purport to act on behalf of "all holders of two types of charter boat fishing permits in the Gulf of Mexico, those for Reef and Pelagic fish."  ECF No. 25, Attachment #1 at 2.  However, there is significant intra-class antagonism between the class representatives and the interests of the class.  Furthermore, Plaintiffs have failed to meet the burden of showing that the class representatives adequately represent the class. Consequently, this Court should deny Plaintiff's Motion on this additional ground.

In the Fifth Circuit, intra-class antagonism can be analyzed under either the adequacy requirement of Rule 23(a)(4) or the typicality requirement of Rule 23(a)(3).  *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 485 n. 27 (5th Cir. 1982) (citing 7 C. Wright & A. Miller, Federal Practice and Procedure §§ 1768, 1769 (1972)).  Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  To show adequacy of representation, a plaintiff must show that (1) the plaintiff's counsel has the zeal and competence to represent the class; (2) the proposed class representative is willing and able to take an active role in controlling the litigation; and (3) the absence of conflict and antagonism between the named plaintiffs and the interest of the class. *See Unger v. Amedisys, Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) ; *Horton*, 690 F.2d at 484–85.. Rule 23(a)(3) requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).

Under either Rule 23(a)(2) or 23(a)(3), the significant disagreement on the merits of the Final Rule within the proposed class means that Plaintiffs' class should not be certified. Plaintiffs argue that all of the proposed class representatives are faced with "the typical injury of every member of the class from the Final Rule." ECF No. 25, Attachment #1 at 18.  However, as explained below, Plaintiffs ignore the antagonism within the class as many of the proposed class members support the promulgation of the Final Rule. The Fifth Circuit has recognized the denial of class certification on the basis of significant disagreement within the class.  *See Troup v. McCart*, 238 F.2d 289 (5th Cir. 1956) (upholding denial of class certification where plaintiff's interest were antagonistic to the class he purported to represent); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625–26 (5th Cir. 1999) (reiterating rule that differences between named plaintiffs and class members render the named plaintiffs inadequate representatives "if

10

those differences create conflicts between the named plaintiffs' interests and the class members' interests," but finding that differences in "variances in the ways that the [n]amed [p]laintiffs and class members will prove causation and damages . . . does not affect the alignment of their interests").

Decisions from other circuits also provide guidance on this matter.  In *Swain v. Brinegar*, 517 F.2d 766 (7th Cir. 1975), plaintiff owners of land in the path of a proposed highway project brought suit to enjoin further action on the highway project.  Plaintiffs sought to certify two classes of people: all farm and land owners condemned by the construction of the public highway, and all farm and land owners condemned by the construction of Federal Aid Route 406, including those who have already conveyed their property under the threat of condemnation.  *Id.* at 779–80.  The Seventh Circuit upheld the district court's denial of class certification, reasoning that there was a "necessary antagonism between the plaintiffs and those whose farms might be severed if some alternative corridor location for this project were selected", as there was at least some possibility that landowners who already conveyed their property to the government would oppose any change in the corridor selection for the project, and so plaintiffs could not protect the interests of the class.  *Id.* at 780.  It is also instructive to look to *Gilpin v. American Federation of State, County, and Municipal Employees, AFL–CIO*, 875 F.2d 1310 (7th Cir. 1989), where the Seventh Circuit affirmed a denial of certification to a class of nonunion employees, concluding that "[a] potentially serious conflict of interest within the class precluded the named plaintiffs from representing the entire class adequately."  *Id.* at 1313.  In so ruling, the *Gilpin* court reasoned that "[t]he two types [of employees in the proposed class] have potentially divergent aims.  The first wants to weaken and if possible destroy the union; the second, a free rider, wants merely to shift as much of the cost or representation as

possible to other workers." *Id.* Like in *Gilpin*, where the requested relief would "ruin the union or impair its ability to represent them effectively," the relief that Plaintiffs request here—striking down the Final Rule that so many of the proposed class representatives support and requested— would necessarily impair NMFS's ability to implement the Final Rule. *Id.*; *see also Neb. Messenger Servs. Ass'n v. Thone*, 478 F. Supp. 1036, 1037 (D. Neb. 1979), *aff'd*, 611 F.2d 250 (8th Cir. 1979) (denying class certification where commercial, but not non-commercial, members of the proposed class would benefit if the challenged statute were declared unconstitutional); *Peterson v. Okla. City Hous. Auth.*, 545 F.2d 1270, 1273 (10th Cir. 1976) (Denying class certification on the basis of significant disagreement within class).

Here, clear conflicts of interest exist between the class representatives and the proposed class that prevent adequate representation by Plaintiffs. A survey of the administrative record that was lodged in this case reveals that there are a number of comments from the owners and operators of federal permitted charter vessels on the proposed rule that demonstrate that a number of permit holders are in favor of the Final Rule, for reasons ranging for accountability to accuracy in data collection.[2] *See e.g.*, AR 08148 (Public comment from Tom Steber, past-president of Alabama Charter Fishing Association: "We the Alabama Charter Industry, have been begging for Mandatory Electronic Log Books for the last at least 7 years. We can not set up a fair and equitable management system until we have VALID DATA. Please help the industry get what we have been begging for."); AR 08149 (Public comment from Gary Bryant, President of Alabama Charter Fishing Association: "The Alabama Charter Fishing Association is in full support of [electronic log books]. We have been asking for this for years. We feel that accurate

---

[2] For ease of discussion, citations to the administrative record will be referenced as "AR [page number]."

and timely catch data is the best way to manage the reef fisheries. By eliminating uncertainty we will be able to fully harvest our quota without going over."); AR 08150 (Public Comment from Daniel Green, owner of federal charter permit CHG-515: "[I] am completely in support of electronic log book reporting for myself and the rest of the GOM charter fleet."); AR 08152 (Public Comment from Randy Boggs, headboat and charter boat owner: "The cost of all the monitoring devices and monitoring per month is a very minimal price to pay to ensure that we receive credit for the fish that we have caught . . . E-log books and monitoring are the only way to ensure our future in the fishery.").[3]  A survey of the public testimony during the February 2017 Gulf of Mexico Fishery Management Council meeting, during which the Council approved sending the action to the Secretary of Commerce for implementation reveals similarly positive comments from federally permitted fishing companies and individual fishermen on electronic logbooks for charters: AR 05725–05726 (Testimony of Steve Tomeny, operator of a charter fishing business in Louisiana: "I have been up here many times saying that we need electronic logbooks.  If it's [Vessel Monitoring System], I'm okay with that.  I think it has to be a GPS attached to the boat, as a minimum."; AR 05731 (Testimony of Captain Gary Jarvis, president of the Destin Charter Boat Association: "It's time to vote yes and take final action on [electronic log books].  For ten years, we have analyzed, scoped, surveyed, workshops, webinars, hundreds of hours of public testimony in favor of actual catch data collection.").[4]  These are just a selected few of the many favorable public comments and public testimony in the administrative record

---

[3] A non-exhaustive list of favorable public comments on the proposed rule from entities who clearly identify themselves as entities who would be subject to the vessel monitoring system requirement include: AR 08154–55, AR 08172, AR 08198, and 08200.

[4] A non-exhaustive list of favorable public comments during the February 2017 Council meeting on the proposed rule from entities who clearly identify themselves as entities who would be subject to the vessel monitoring system requirement include: AR 05737–38, 05741, 05746, 05751, 05753, 05774, 05776.

from the for-hire sector on the very electronic logbooks and vessel monitoring system that Plaintiffs seek to certify a class to strike down.  These differences between the Named Plaintiffs and the proposed class members render the Named Plaintiffs inadequate, as these differences create conflicts between the Named Plaintiffs' interest and certain of the class members' interests.

Federal Defendants have identified members of the proposed class with real antagonism—this selection of comments demonstrates this is not like cases such as *Serna v. Transport. Workers Union of America, AFL-CIO*, No. 3:13-CV-2469-N, 2014 WL 7721824, at *6 (N.D. Tex. Dec. 3, 2014), where the court found that defendants' presentation of "just one class member" who "objects to a minor part of just one of several claims" was "insufficient to establish inadequacy of representation."  *See also In re S. Cent. States Bakery Prods. Antitrust Litig.*, 86 F.R.D. 407, 418 (M.D. La. 1980) ("A naked allegation of antagonism cannot defeat class certification; there must be an actual showing of a real probability of a potential conflict which goes to the subject matter of the suit.").; *Littlewolf v. Hodel*, 681 F.Supp. 929, 936–37 (D.D.C. 1988), *aff'd sub nom. Littlewolf v. Lujan*, 877 F.2d 1058 (D.C. Cir. 1989) ("While actual antagonism between class members, or a 'strong likelihood' of antagonism, would defeat class certification . . . incantations of the *potential* for antagonism are insufficient." (internal citations omitted)).

Federal Defendants have shown through a survey of the public comments that the wide array of support for the Final Rule from regulated entities demonstrates conflicts of interest between the class representatives and a sizeable portion of the proposed class.  Of course, it is the party seeking certification that bears the burden of showing that class certification is appropriate.  *Unger*, 401 F.3d at 320.  This includes the burden of showing that the class

14

representatives adequately represent the class.  *See Horton*, 690 F.2d at 486.  Plaintiffs have failed to meet that burden.

Certainly, Federal Defendants are not contending that there needs to be complete agreement within the class.  But as discussed above, even a brief survey of all the public comments submitted in this case demonstrates that a large number of those comments were in favor of the Final Rule.  These entities oppose the claims and relief sought in this case, leading to significant conflicts between the Named Plaintiffs' interest and a large portion of the class members' interests and rendering the Named Plaintiffs inadequate.

## CONCLUSION

Any injunctive and declaratory relief—the only relief that Plaintiffs seek— that this Court grants will necessarily lead to the Final Rule being remanded to NMFS for further consideration.  It would be superfluous to certify a class here because, if Plaintiffs prevail on the merits, their requested injunctive declaratory and injunctive relief would have precisely the same scope and effect whether a class is certified or not.  A class action would also add significant burdens on this Court.  Finally, there is significant intra-class antagonism such that Plaintiffs are not adequate representatives.  For these foregoing reasons, the Court should deny the motion for class certification.

Dated: December 11, 2020

Respectfully submitted,
JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Shampa A. Panda*
SHAMPA A. PANDA
Trial Attorney (CA Bar No. 316218)
Wildlife & Marine Resources Section

Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
shampa.panda@usdoj.gov

NICOLE M. SMITH
Trial Attorney (CA Bar No. 303629)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0368
Nicole.M.Smith@usdoj.gov

ELIZABETH CHICKERING
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Tel: (504) 680-3180
Elizabeth.Chickering@usdoj.gov

*Of Counsel:*

MARA LEVY
Attorney-Advisor
Office of the General Counsel
National Oceanic and Atmospheric
Administration
U.S. Department of Commerce
263 13th Avenue South
St. Petersburg, FL 33701
Telephone: (727) 824-5302
mara.levy@noaa.gov

*Attorneys for Federal Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Shampa A. Panda*
SHAMPA A. PANDA
Trial Attorney (CA Bar No. 316218)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
shampa.panda@usdoj.gov

*Attorney for Federal Defendants*

17