UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RIVERS END OUTFITTERS, LLC, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF COMMERCE, ET AL., <br><br> Federal Defendants. | No. 2:20-cv-2312 |

**Federal Defendants' Sur-Reply in Support of Their Opposition to Plaintiffs' Motion for Class Certification**

**ARGUMENT**

Federal Defendants file this sur-reply in response to the Court's May 24, 2021 Order. ECF No. 41. The Court ordered Federal Defendants to address Plaintiffs' argument that class certification is appropriate because there is a risk of dueling decisions, as the proposed class includes members across "two circuits and numerous district courts." *Id.* Plaintiffs' argument about the propriety of nationwide injunctions is misplaced. There is no danger of dueling decisions here—the statute of limitations for the Gulf For-Hire Reporting Rule ("Final Rule") has run, and no other cases challenging the Final Rule were filed.

Plaintiffs filed this case under the Magnuson–Stevens Fishery Conservation and Management Act ("MSA"), 16 U.S.C. §§ 1801–1883. The MSA's judicial review provision allows challenges only to "[r]egulations promulgated by the Secretary under this [Act] and actions [taken by the Secretary under regulations which implement a fishery management plan] . . . if a petition for such review is filed within 30 days after the date on which the regulations are promulgated or the action is published in the Federal Register[.]" 16 U.S.C. § 1855(f)(1); *see also Turtle Island Restoration Network v. U.S. Dep't of Com.*, 438 F.3d 937, 944 (9th Cir. 2006) (stating that "the thirty-day time limit applies whenever a party challenges '[r]egulations promulgated by the Secretary under the [MSA]' " (alterations in original, citation omitted)). Here, Plaintiffs challenge a regulation promulgated by the Secretary under the MSA that was published in the Federal Register on July 21, 2020. *See* Fisheries of the Caribbean, Gulf of Mexico, and South Atlantic; Electronic Reporting for Federally Permitted Charter Vessels and Headboats in Gulf of Mexico Fisheries, 85 Fed. Reg. 44,005 (July 21, 2020). Therefore, the statute of limitations for any challenge to the Final Rule expired on August 20, 2020.

The MSA's 30-day statute of limitations is a "strict jurisdictional" requirement that cannot be avoided "through careful pleading." *Turtle Island*, 438 F.3d at 945 (citations omitted). Therefore, there is no possibility that a plaintiff could avoid the MSA's statute of limitations by alleging the Final Rule violates another statute, such as the Administrative Procedure Act, with a longer statute of limitations. *See Sea Hawk Seafoods, Inc. v. Locke*, 568 F.3d 757, 766 (9th Cir. 2009) (Plaintiffs' "failure to act" claim pursuant to the Administrative Procedure Act was "an improper attempt to plead around the MSA's thirty-day statute of limitations" and was untimely under the MSA's statute of limitations); *Martha's Vineyard/Dukes Cnty. Fishermen's Ass'n v. Locke*, 811 F. Supp. 2d 302, 307 (D.D.C. 2011) (Plaintiffs' claims raising "general allegations of 'failure to manage' river herring and shad under . . . the Atlantic Coastal Fisheries Act" were "in substance . . . challenging existing regulations" and thus time-barred under MSA).

The part of 16 U.S.C. § 1855(f)(1) that allows for challenges to actions taken under regulations that implement a fishery management plan does not change the fact that there is no other case challenging the Final Rule. *Oceana, Inc. v. Ross*, 483 F. Supp. 3d 764, 776 (N.D. Cal. 2020), *appeal filed by*, No. 20-17234 (9th Cir. Nov. 16, 2020). Whether NMFS takes an "action" in the future to implement some aspect of the Final Rule is speculative at this time and should not be a basis for certifying a class in this case now. Without such an action, we cannot know where any challenge to that action may be filed. Even if a challenge to any such hypothetical action were filed in a different judicial district, a conflict could be avoided by seeking transfer to this court. At this time there is no danger of dueling decisions.

## CONCLUSION

Plaintiffs seek vacatur of the Final Rule. Any relief that this Court grants would thus necessarily affect all regulated entities. This is the only case that has been—or can be—filed

3

challenging the Final Rule.  And any potential future challenge to any "action" NMFS may take to implement the Final Rule is speculative. Therefore, there is no danger of having a contrary decision in another district or Circuit court.  The only thing that a class action would accomplish in this case is additional cost and time.  For the foregoing reasons, and those provided in Federal Defendants' opposition brief, Plaintiffs' motion to certify a class should be denied.

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 27, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                                    /s/ Shampa A. Panda