## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS

| | |
|---|---|
| MEXICAN GULF FISHING COMPANY, ET. AL, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO: 2:20-cv-2312 |
| U.S. DEPARTMENT OF COMMERCE, ET. AL,[1] | |
| Federal Defendants. | |

### FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Federal Defendants U.S. Department of Commerce; Gina Raimondo, in her official capacity as Secretary of the United States Department of Commerce; National Oceanic and Atmospheric Administration (NOAA); Richard W. Spinard, in his official capacity as Administrator of NOAA; National Marine Fisheries Service (NMFS); and Janet Coit, in her official capacity as Assistant Administrator for NMFS, by and through undersigned counsel, plead as follows in response to Plaintiffs' First Amended Complaint for Permanent Injunctive and Declaratory Relief (ECF 54). Federal Defendants deny every statement, matter, allegation, and thing in Plaintiffs' Complaint unless hereinafter specifically admitted or modified. The allegations in the unnumbered paragraphs of Plaintiffs' Complaint consist of Plaintiffs'

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Gina Raimondo, the United States Secretary of Commerce, is substituted for the former United States Secretary of Commerce, Wilbur L. Ross; the current Administrator of NOAA Richard W. Spinard is substituted for the former Acting NOAA Administrator, Neil Jacobs; and Janet Coit, the Assistant Administrator of NMFS is substituted for the former Assistant Administrator for NMFS Chris Oliver.

description of the nature of their case and conclusions of law to which no answer is necessary. To the extent that an answer is necessary, those allegations are denied except to aver that NMFS's final rule implementing the Gulf For-hire Reporting Amendment was published in the Federal Register on July 21, 2020 (85 Fed. Reg. 44,005) ("Final Rule") and that NMFS delayed the effective date of the Final Rule until January 5, 2021. NMFS further avers that sections 622.26(b)(5) and 622.374(b)(5)(ii) through (v), which are the sections of the Final Rule implementing the vessel monitoring system, are delayed indefinitely. In response to the like-numbered paragraphs of Plaintiffs' Complaint to the United States District Court for the Eastern District of Louisiana, Federal Defendants hereby respond, state, and aver as follows:

## JURISDICTION AND VENUE

1.    The allegations in Paragraph 1 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

2.    The allegations in Paragraph 2 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

3.    The allegations in Paragraph 3 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

4.    The allegations in Paragraph 4 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

5.     The allegations in Paragraph 5 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

6.     The allegations in Paragraph 6 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

7.     The allegations in Paragraph 7 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

## PARTIES

8.     Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 8, and the allegations are therefore denied.

9.     Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first and second sentences of Paragraph 9, and the allegations are therefore denied. The remaining allegations contained in Paragraph 9 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

10.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, fourth, and fifth sentences of Paragraph 10, and the allegations are therefore denied.  The allegations contained in the third sentence of Paragraph 10 are too vague and ambiguous to permit a response and, on that basis, are denied.

11.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first and second sentences of Paragraph 11, and the allegations are therefore

3

denied. The allegations contained in the third, fourth, fifth, and eighth sentences of Paragraph 11 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations. The allegations contained in the sixth and seventh sentences of Paragraph 11 are too vague and ambiguous to permit a response and, on that basis, are denied.

12.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, and third sentences of Paragraph 12, and the allegations are therefore denied. The remaining allegations contained in Paragraph 12 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

13.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, fourth, and fifth sentences of Paragraph 13, and the allegations are therefore denied. The allegations contained in the third sentence of Paragraph 13 are too vague and ambiguous to permit a response and, on that basis, are denied.

14.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 14, and the allegations are therefore denied. Federal Defendants denies the allegation contained in the third sentence of Paragraph 14 that, as of the date of this filing, no VMS vendors have been approved.  The remaining allegations in Paragraph 14 are legal conclusions or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

15.   The allegations contained in the third sentence of Paragraph 15 are too vague and ambiguous to permit a response and, on that basis, are denied. Federal Defendants lack sufficient

knowledge to admit or deny the remaining allegations contained Paragraph 15, and the allegations are therefore denied.

16.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, and third sentences of Paragraph 16, and the allegations are therefore denied.  The remaining allegations contained in Paragraph 16 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

17.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first and second sentences of Paragraph 17, and the allegations are therefore denied. The remaining allegations contained in Paragraph 17 are too vague and ambiguous to permit a response and, on that basis, are denied.

18.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, and third sentences of Paragraph 18, and the allegations are therefore denied.  The remaining allegations contained in Paragraph 18 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

**DEFENDANTS**

19.   Federal Defendants admit that the United States Department of Commerce is an agency of the United States of America. The remaining allegations contained in Paragraph 19 are legal conclusions, to which no answer is necessary.

20.   Federal Defendants admit Gina Raimondo, is the Secretary of the United States Department of Commerce. The remaining allegations contained in Paragraph 20 are

characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

21.   Federal Defendants admit that NOAA is an agency within the U.S. Department of Commerce.  The remaining allegations contained in Paragraph 21 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

22.   Federal Defendants admit that Richard W. Spinard is the Under Secretary of Commerce for Oceans and Atmosphere and Administrator of NOAA. The remaining allegations contained in Paragraph 22 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

23.   Defendants admit that the NMFS is an agency within the U.S. Department of Commerce. The remaining allegations contained in Paragraph 23 are legal conclusions, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations

24.   Defendants admit that Janet Coit is the Assistant Administrator for NMFS. The remaining allegations contained in Paragraph 24 are characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations

## CONSTITUTIONAL, STATUTORY, AND REGULATORY BACKGROUND

### The Fourth, Fifth and Ninth Amendments

25.   The allegations contained in the first sentence of Paragraph 25 purport to characterize the Fourth Amendment to the United States Constitution, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and

context are denied. The allegations contained in the second sentence of Paragraph 25 purport to characterize *U.S. v. Jones*, 132 S. Ct. 945, 949 (2012), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

26.   The allegations contained in Paragraph 26 purports to characterize the Fourth Amendment to the United States Constitution and purport to characterize *Katz v. U.S.*, 390 U.S. 347, 353 (1967), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

27.   The allegations contained in Paragraph 27 purport to characterize *Carpenter v. U.S.*, 138 S. Ct. 2206, 2209 (2018), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

28.   The allegations contained in Paragraph 28 purport to characterize the Fourth Amendment to the United States Constitution, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

29.   The allegations contained in Paragraph 29 purport to characterize the Fifth Amendment to the United States Constitution, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

30.   The allegations contained in Paragraph 30 purport to characterize the Ninth Amendment to the United States Constitution, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

**The Magnuson-Stevens Act and the Fishery Conservation and Management Framework**

31.   The allegations contained in Paragraph 31 purport to characterize 16 U.S.C. § 1801 *et seq.*, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

32.   The allegations contained in Paragraph 32 purport to characterize 16 U.S.C. §§ 1801(b)(1) and 1811(a) and purport to characterize 16 U.S.C. § 1802(11), all of which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

33.   The allegations contained in the first and second sentences of Paragraph 33 purport to characterize 16 U.S.C. §§ 1801(b)(4) and 1851(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.  The allegations contained in the third sentence of Paragraph 33 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

  a.   The allegations contained in subsection (a) of Paragraph 35 purport to characterize 16 U.S.C. § 1851(a)(1), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

  b.   The allegations contained in subsection (b) of Paragraph 33 purport to characterize 16 U.S.C. § 1851(a)(2), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

  c.   The allegations contained in subsection (c) of Paragraph 33 purport to characterize 16 U.S.C. § 1851(a)(4), which speaks for itself and is the best evidence

of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

d.   The allegations contained in subsection (d) of Paragraph 33 purport to characterize 16 U.S.C. § 1851(a)(6), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

e.   The allegations contained in subsection (e) of Paragraph 33purport to characterize 16 U.S.C. § 1851(a)(7), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

f.   The allegations contained in subsection (f) of Paragraph 33 purport to characterize 16 U.S.C. § 1851(a)(8), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

34.   Federal Defendants deny the allegations contained in the first sentence of Paragraph 34 and aver that the allegations purport to characterize 16 U.S.C. § 1853, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

a.   Federal Defendants deny the allegations contained in subsection (a) of Paragraph 34 and aver that the allegations purport to characterize 16 U.S.C. § 1853(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

b.   Federal Defendants deny the allegations contained in subsection (b) of Paragraph
34 and aver that the allegations purport to characterize 16 U.S.C. § 1853(b),
which speaks for itself and is the best evidence of its contents. Any allegations
contrary to its plain language, meaning, or context are denied.

35.   The allegations contained in the first sentence of Paragraph 35 purport to
characterize 16 U.S.C. § 1861(b)(1)(A)(vi), which speaks for itself and is the best evidence of its
contents. Any allegations contrary to its plain language, meaning, or context are denied. The
allegations contained in the second sentence of Paragraph 35 purport to characterize 16 U.S.C. §
1861(b)(1)(A)(i), which speaks for itself and is the best evidence of its contents. Any allegations
contrary to its plain language, meaning, or context are denied.  The remaining allegations in
Paragraph 35 are legal conclusions or characterizations of Plaintiffs' case, to which no answer is
necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

36.   Federal Defendants deny the allegations contained in the first, second, and third
sentences of Paragraph 36 and further aver that the allegations purport to characterize 16 U.S.C.
§ 1881a(a)(1), which speaks for itself and is the best evidence of its contents. Any allegations
contrary to its plain language, meaning, or context are denied.  Federal Defendants deny the
allegations contained in the fourth sentence of Paragraph 36 and further aver that the allegations
purport to characterize 16 U.S.C. § 1881a(a)(2), which speaks for itself and is the best evidence
of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

37.   The allegations contained in the first sentence of Paragraph 37 purport to
characterize 16 U.S.C. § 1852(a)(1), which speaks for itself and is the best evidence of its
contents. Any allegations contrary to its plain language, meaning, or context are denied. The
allegations contained in the second and third sentence of Paragraph 37 are legal conclusions, or

characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

     a.   The allegations contained in subsection (a) of Paragraph 37 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

     b.   The allegations contained in subsection (b) of Paragraph 37 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

38.  The allegations contained in the first sentence of Paragraph 38 purport to characterize 16 U.S.C. § 1801(b)(5), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. Federal Defendants deny the allegations contained in the second sentence of Paragraph 38 and further aver the allegations purport to characterize 16 U.S.C. §§ 1853(b) and 1855(d), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

39.  The allegations contained in Paragraph 39 purport to characterize 16 U.S.C. § 1801(b)(5), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

40.  Federal Defendants deny the allegations contained in Paragraph 40 and aver that the allegations purport to characterize 16 U.S.C. § 1853, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

41.   Federal Defendants deny the allegations contained in the first, second, and third sentences of Paragraph 41 and aver that the allegations purport to characterize 16 U.S.C. § 1881a(a)(1), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  Federal Defendants deny the allegations contained in the fourth sentence of Paragraph 41 and aver that the allegations purport to characterize 16 U.S.C. § 1881a(a)(2), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

### The Regulatory Flexibility Act

42.   The allegations contained Paragraph 42 purport to characterize the Regulatory Flexibility Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

43.   The allegations contained in the first sentence of Paragraph 43 purport to characterize 5 U.S.C. §§ 603(a) and 604, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations contained in the second sentence of Paragraph 43 purport to characterize 5 U.S.C. § 604(b), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

44.   The allegations contained in Paragraph 44 purport to characterize 5 U.S.C. § 611(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

45.   The allegations contained in Paragraph 45 purport to characterize 50 C.F.R. § 200.2 and 5 U.S.C. § 601(3), which speaks for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

46.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 46, and the allegations are therefore denied.

## The Gulf For-hire Reporting Amendment and Final Rule

47.   The allegations contained in Paragraph 47 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied

48.   Federal Defendants admit the allegations contained in Paragraph 48.

49.   The allegations contained in Paragraph 49 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

50.   The allegations contained in the first, fourth, and fifth sentences of Paragraph 50 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  Federal Defendants admit the allegations contained in the second and third sentences of Paragraph 50.

51.   Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 51, and the allegations are therefore denied.  The remaining allegations contained in Paragraph 51 are too vague and ambiguous to permit a response and, on that basis, are denied.

52.   The allegations contained in Paragraph 52 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

53.   Federal Defendants deny the allegations in Paragraph 53.

54.   The allegations contained in the first sentence of Paragraph 54 are characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.  The allegations contained in the second sentence of Paragraph 54 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

55.   The allegations contained in Paragraph 55 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

56.   The allegations contained in the first sentence of Paragraph 56 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The remaining allegations contained in Paragraph 56 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

57.   The allegations contained in Paragraph 57 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

58.   The allegations contained in Paragraph 58 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

59.   The allegations contained in Paragraph 59 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary.  To the extent that an answer is necessary, Federal Defendants deny the allegations.

### The Regulatory Landscape of Federally Permitted For-hire Vessels in the Gulf of Mexico

60.   The allegations contained Paragraph 60 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

61.   The allegations contained Paragraph 61 purport to characterize the information at https://www.fisheries.noaa.gov/fishing-regulations-and-seasonal-closures-gulf-mexico, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

62.   The allegations contained in Paragraph 62 are too vague and ambiguous to permit a response and, on that basis, are denied.

63.   The allegations contained in Paragraph 63 are too vague and ambiguous to permit a response and, on that basis, are denied.

64.   The allegation in Paragraph 64 that "private recreational fishing in the Gulf of Mexico collectively takes far more fish than charter boats" is too vague and ambiguous to permit a response and, on that basis, is denied.  The remaining allegations contained in Paragraph 64 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

65.   The allegations contained Paragraph 65 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

66. The allegations contained Paragraph 66 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

67. The allegations contained in the first sentence of Paragraph 67 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the second sentence of Paragraph 67.

68. The allegations contained Paragraph 68 are too vague and ambiguous to permit a response and, on that basis, are denied.

69. Federal Defendants deny the allegations contained in Paragraph 69.

70. The allegations contained Paragraph 70 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

## CLAIMS FOR RELIEF

## COUNT ONE

71. Federal Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 70 above.

72. The allegations contained in Paragraph 72 purport to characterize the United States Constitution, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

73. The allegations contained in Paragraph 73 purport to characterize 5 U.S.C. §§ 706(2)(A), 706(2)(B), 706(2)(C), 706(2)(D), and 16 U.S.C. § 1855(f)(1), which speak for

themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

74.   Federal Defendants admit the allegations contained in Paragraph 74.

75.   The allegations contained in Paragraph 75 are legal conclusions to which no answer is necessary and purport to characterize 5 U.S.C. § 704 and 16 U.S.C. § 1855(f)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

76.   Federal Defendants deny the allegations contained in Paragraph 76.

77.    Federal Defendants deny the allegations contained in Paragraph 77.

78.   Federal Defendants deny the allegations contained in Paragraph 78.

79.   Federal Defendants deny the allegations contained in Paragraph 79.

80.   Federal Defendants deny the allegations contained in Paragraph 80.

81.   Federal Defendants deny the allegations contained in Paragraph 81.

82.   Federal Defendants deny the allegations contained in Paragraph 82.

83.   Federal Defendants deny the allegations contained in Paragraph 83.

84.   Federal Defendants deny the allegations contained in Paragraph 84.

**COUNT TWO**

85.   Federal Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 84 above.

86.   The allegations contained in Paragraph 86 are conclusions of law to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

87.   The allegations contained in the first sentence of Paragraph 87 purport to characterize 16 U.S.C. § 1861(b)(1)(A)(vi), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The remaining allegations contained in Paragraph 87 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

88.   Federal Defendants deny the allegations contained in Paragraph 88.

## COUNT THREE

89.   Federal Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 88 above.

90.   Federal Defendants deny the allegations contained in Paragraph 90.

91.   Federal Defendants deny the allegations contained in Paragraph 91.

92.   Federal Defendants deny the allegations contained in Paragraph 92.

93.   The allegations contained in Paragraph 93 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

94.   The allegations contained in Paragraph 94 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

95.   The allegations contained in Paragraph 95 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

96. The allegations contained in Paragraph 96 are too vague and ambiguous to permit a response and, on that basis, are denied.

97. Federal Defendants deny the allegations contained in Paragraph 97.

98. Federal Defendants deny the allegations contained in first and second sentences of Paragraph 98. The allegations contained the last sentence of Paragraph 98 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

99. The allegations contained in the first sentence of Paragraph 99 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations contained the last sentence of Paragraph 99 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

100. The allegations contained in the first sentence of Paragraph 100 purport to characterize the Notice of Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations contained the second and third sentences of Paragraph 100 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

**COUNT FOUR**

101. Federal Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 100 above.

102. The allegations contained Paragraph 102 purport to characterize 5 U.S.C. § 706(2)(D) and 16 U.S.C. § 1855(f)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

103. Federal Defendants lack sufficient knowledge to admit or deny the allegations contained in the first, second, and fourth sentences of Paragraph 103, and the allegations are therefore denied.  The allegations contained in the third sentence of Paragraph 103 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

104. Federal Defendants deny the allegations contained in Paragraph 104.

105. Federal Defendants deny the allegations contained in Paragraph 105.

106. Federal Defendants deny the allegations contained in Paragraph 106.

## COUNT FIVE

107. Federal Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 106 above.

108. The allegations contained in Paragraph 108 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

109. The allegations contained in Paragraph 109 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

110. The allegations contained in Paragraph 110 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

111. The allegations contained Paragraph 111 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

112. The allegations contained in the first sentence of Paragraph 112 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.  The allegations contained in the second and third sentences of Paragraph 112 purport to characterize the Final Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  Federal Defendants admit the allegation contained in the fourth sentence of Paragraph 112 that Federal Defendants have records of charter vessels and headboats issued federal permits for Gulf reef fish or Gulf CMP species.  The remaining allegations contained in the fourth sentence of Paragraph 112 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

113. The allegations contained in Paragraph 113 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

114. The allegations contained in Paragraph 114 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

115. The allegations contained in Paragraph 115 are legal conclusions, or characterizations of Plaintiffs' case, to which no answer is necessary. To the extent that an answer is necessary, Federal Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer for Relief, to which no answer is necessary. To the extent an answer is necessary, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny each and every allegation in Plaintiffs' Complaint that has not otherwise been expressly admitted, qualified, or denied.

## DEFENSES

Without limiting or waiving any defenses available to it, Federal Defendants hereby assert:

A.  To the extent that Plaintiffs have failed to state a claim on which relief can be granted, any such claim should be dismissed.

B.  To the extent that the Court lacks subject matter jurisdiction over some or all of the claims in Plaintiffs' Complaint, any such claim should be dismissed.

C.  To the extent that Plaintiffs lack standing to raise some or all of their claims, any such claim should be dismissed.

D.  Federal Defendants reserve the right to assert any other claims or defenses as may be available, or may become available during the course of these proceedings.


Dated: June 22, 2021

Respectfully submitted,
JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Nicole M. Smith*
NICOLE M. SMITH
Trial Attorney (CA Bar No. 303629)
Wildlife & Marine Resources Section

Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0368
Nicole.M.Smith@usdoj.gov

*/s/ Shampa A. Panda*
SHAMPA A. PANDA
Trial Attorney (CA Bar No. 316218)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
shampa.panda@usdoj.gov

ELIZABETH CHICKERING
Assistant United States Attorney
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Tel: (504) 680-3180
Elizabeth.Chickering@usdoj.gov

*Of Counsel:*

MARA LEVY
Attorney-Advisor
Office of the General Counsel
National Oceanic and Atmospheric
Administration
U.S. Department of Commerce
263 13th Avenue South
St. Petersburg, FL 33701
Telephone: (727) 824-5302
mara.levy@noaa.gov

*Attorneys for Federal Defendants*

23

**CERTIFICATE OF SERVICE**

I hereby certify that today I electronically filed the foregoing with the Clerk of the Court

via the CM/ECF system, which will send notification to the attorneys of record in this case.


/s/ Nicole M. Smith
NICOLE M. SMITH
Trial Attorney (CA Bar No. 303629)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0368
Nicole.M.Smith@usdoj.gov

*Attorney for Federal Defendants*